KNOLL, Judge,
dissenting.
For the reasons stated by the learned trial judge, I disagree with the majority, and adopt the trial court’s reasons for my dissent.
“LSA-R.S. 9:3921 was proposed as an amendment to Act 331 of 1984. The statute is clear in its wording. ‘Notwithstanding any provision in Title III of Code Book III to the contrary, every master or employer is answerable for the damage occasioned by his servant or employee ... Any remission ... or other conventional discharge in favor of the employee for such damages shall be valid as between the damaged creditor and the employee and the employer shall have no right ... or indemnification from the employee ...’
The statute does not allow for indemnification even where there has been a partial release of the employee, because the wording of the statute provides that where there has been any discharge of the employee, the employer has no right of indemnification. With the use of the adjective ‘any,’ the wording of LSA-R.S. 9:3921 is absolute and precise: ‘Any remission, transaction, compromise, or other conventional discharge in favor of the employee ... shall be valid ... ’ (Emphasis supplied.) The word ‘any’ means ‘unmeasured or unlimited in amount, number, or extent’ {Webster’s Collegiate Dictionary, 1985); ‘in whatever quantity or number, great or small’ {Random House Dictionary of the English Language). Because of Mrs. Comeaux’s release in favor of Roy, then, Goudeau lost all rights to proceed against him, since the statute bars in such case the employer from pursuing any right of contribution, division, or indemnification or any incidental action.
B. The statute specifically states that it is to be applied retroactively.
LSA-R.S. 1:2 provides:
No Section of the Revised Statutes is retroactive unless it is expressly so stated.
Civil Code Article 8 provides:
*1095 A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.
However, ‘Statutes which are purely remedial are not subject to this article.’ Oil Well Supply Co. v. Red Iron Drilling Co. [210 La. 222] 26 So.2d 726 (La.1946). Since the statute expressly provides for retroactivity and since it is a remedial statute, it can be applied retroactively.
C. LSA-R.S. 9:3921 does not unconstitutionally impair the provisions of the contracts.
Plaintiff argues that to apply the law retroactively will impair the contracts of subrogation between Travelers and Morgan Goudeau and Associates and between Travelers and Maryleen Comeaux. They contend that to do so would disturb a vested right and that the statute is therefore unconstitutional.
The State constitution provides: ‘No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.’ La. Const, art. 1, sec. 23.
There are vested rights in a valid contract. 16 C.J.S., Const. Law, sec. 225 (1984). Procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Procell v. Insurance Company of [North] America, 425 So.2d 860 (La.App. 3rd Cir.1982) [Writ denied, 430 So.2d 69 (La.1983)]. However'... obligations of contracts must yield to a proper exercise of the police power, and vested rights cannot inhibit proper exertion of the power ...’ Louisiana Gas Service Co. v. Louisiana Public Service Commission, [245 La. 1029], 162 So.2d 555, 563 (La.1964). ‘To sustain legislation under the police power, the courts must be able to see that its operation tends in some degree to prevent an offense or evil or otherwise to preserve public health, morals, safety or welfare.’ Francis v. Morial, 455 So.2d 1168, 1172 (La.1984). ‘Although formerly the police power was viewed as one of strict and direct application, it has now come to be more favored because of changed and changing economic and social conditions, and at present is frequently relied on to sustain laws which affect the common good in only an indirect way. The ramifications of modern economic and social conditions have enlarged the conditions under which the police power may be exercised for the purpose of suppressing practices that are repugnant to the morals, health, and welfare of the country.’ 16 Am.Jur.2d Const. Law sec. 414 (1984). The statute is constitutional because it is reasonable and necessary to serve an important public purpose. The Louisiana Legislature intended, through this statute, to protect the welfare of its employed citizens. The statute protects the settling tort-feasor from indemnity. It encourages settlement and protects the employee from further exposure permitting him to settle within whatever policy limits he has. LSA-R.S. 9:3921 makes Sampay’s suggestion that the employer no longer has an indemnity right, retroactive in all cases where there has been a release, partial or otherwise. It places on the employer, who is better able to shoulder the cost of insurance and then recover the amount through cost adjustments, a burden which should rightfully be his. ‘Every legislative act is presumed to be constitutional and every intendment must be indulged by the courts in favor of its validity.’ 16 Am.Jur.2d Const. Law sec. 212 (1979). I find, therefore, that LSA-R.S. 9:3921 can be applied retroactively.
II. The provisions of the statute apply to the case under consideration.
Plaintiff's final argument is that even if the statute’s retroactive provisions are held to be constitutional, the provisions do not apply to the case at hand. In a supplemental brief, Travelers urges this court to adopt the reasoning of the 2nd Circuit which recently interpreted LSA-R.S. 9:3921 and held that the statute did not apply to the employer’s incidental action for indemnity. Finley v. Bass, 478 So.2d 608 at 616 (La.App. 2 Cir.1985).
*1096 I find Finley to be distinguishable on its facts.
Finley involved a suit for personal injuries as the result of an automobile accident. The plaintiff sued Pearl Bass, a school bus driver for the Franklin Parish School Board, his personal insurer and the school board, his employer. The School Board filed an incidental demand for indemnification against Bass and his insurer. There was no release prior to trial, and at trial Bass was found 100% at fault. The court interpreted the statute as prohibiting the employer’s incidental action against the employee where the latter had settled with the plaintiff and held that the statute did not apply because there was no conventional release. In the case at hand, prior to trial, Co-meaux released Roy up to $50,000.00, reserved her rights and received $215,-000.00 from Travelers (as Goudeau’s insurer), released both Travelers and Gou-deau and reserved rights. Comeaux then subrogated those rights to Travelers and Goudeau. The suit at trial was then transformed into a suit for subrogation and indemnity. The statute can then be applied because there was a conventional release prior to trial.
Goudeau brought an incidental action against its employee, Roy, through its insurer, Travelers. Travelers only acquired this right of action because of its initial contract with Goudeau. Under the contract of insurance, Travelers was sub-rogated to Goudeau’s rights against Roy thus entitling Travelers to recoup from Roy any money paid as a result of the accident and claim. Likewise, Travelers’ action on Comeaux’s subrogation is an incidental action. Comeaux did have a right of direct action against Roy. However, when she subrogated Travelers and Goudeau to her claim against Roy, this transformed the suit into an incidental action within the meaning of the statute.”